**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NDOKEY ENOW, #1990859** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PWG-15-2598 |
| | * | |
| **STATE'S ATTORNEY FOR** | * | |
| **MONTGOMERY COUNTY,**[1] | * | |
| | * | |
| Defendant. | * | |
| | ***** | |
| | * | |
| **NDOKEY ENOW, #435845,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PWG-15-3004 |
| | * | |
| **WARDEN,** | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

**MEMORANDUM OPINION**

On September 1, 2015, Ndokey Enow ("Enow") filed five complaints: *Enow v. Montgomery County DOC*, PWG-15-2597; *Enow v. State's Attorney for Montgomery County*, PWG-15-2598; *Enow v. Judge Steven G. Salant*, PWG-15-2602; *Enow v. Montgomery County Department of Police et al.*, PWG-15-2603; and *Enow v. Montgomery County Department of Police et al.*, PWG-15-2607. One month later, he filed *Enow v. Warden*, PWG-15-3004. All the complaints relate to Enow's conviction in 2012 in the Circuit Court for Montgomery County for solicitation to commit first-degree murder in Case 125462C. *See*

---

[1] John McCarthy is State's Attorney for Montgomery County, Maryland. *See* http://www.montgomery countymd.gov/sao.

http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=120901C&loc=68&detailLoc=MCCR.  All but the cases under review, PWG-15-2598 and PWG-15-3004, have been dismissed for failure to state a claim.

### Case No. PWG-15-2598

Enow is an inmate in the custody of the Maryland Department of Correction. He brings Case No. PWG-15-2598 pursuant to the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, the Maryland Tort Claims Act, the Maryland Declaration of Rights, and Maryland common law.  He has filed a motion to proceed in forma pauperis, ECF No. 2, which will be granted for the purpose of preliminary review of the complaint.

In Case No. PWG-15-2598, Enow claims he was entrapped by a Montgomery County undercover police officer and unlawfully arrested on June 6, 2014.  He alleges that Assistant State's Attorneys Deborah W. Feinstein and Ryan S. Wechsler[2] denied him his First and Sixth Amendment rights at his suppression hearing at which he was facing charges of first-degree solicitation to murder and first-degree solicitation to assault.

On January 9, 2015, Enow pleaded guilty in the Circuit Court of Maryland for Montgomery County to solicitation to commit first-degree murder in Case 125462C.  He was sentenced to forty years of incarceration, with twenty years suspended.  Enow avers his plea was involuntary, unknowing and unintelligent. He faults Defendant for releasing to the media an "illegally acquired recorded video conversation" between him and the undercover officer, and claims he was maliciously prosecuted and received an excessive sentence.  Enow provides no

---

[2] Enow does not name Deborah Feinstein or Ryan Wechsler as defendants.

details to support this conclusory assertion. As relief, he requests $650 million "due to defendant's negligent [sic]."

Judicial officials, such as judges and prosecutors, receive absolute immunity because they must be able to execute certain official duties without the constant fear of lawsuits. *See Slump v. Sparkman*, 435 U.S. 349, 362–63 (1978) (judicial immunity);[3] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity). In determining whether an individual is entitled to absolute prosecutorial immunity, courts consider the functions performed by the official, rather than his title. *Forrester v. White*, 484 U.S. 219, 229 (1988). An official will receive immunity when his actions are prosecutorial in nature. *Pachtman*, 424 U.S. at 410. Generally, prosecutorial functions are those that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Thus, when a prosecutor is working "within the scope of his duties in initiating and pursuing a criminal prosecution," he remains within the ambit of absolute immunity. *Id.* at 410. The prosecutor performs his functions "under the watchful eye of the judge and in the shadow of the everpresent possibility of judge-imposed sanctions." *Dababnah v. Keller–Burnside*, 208 F.3d 467, 471 (4th Cir. 2000) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 509 (5th Cir. 1980)). In this way, conferring absolute immunity does not protect the prosecutor at the expense of individual rights and liberties. *See id.* To the extent Enow brings this action against the State's Attorney for Montgomery County for his prosecutorial functions, that defendant is entitled to absolute immunity.

Moreover, although captioned as a proceeding under 42 U.S.C. § 1983, Case No. PWG-15-2598, like Enow's other cases, essentially is an attempt to appeal a state conviction in federal

---

[3] On September 2, 2015, Enow filed a separate lawsuit against the Honorable Steven G. Salant, a member of the bench of the Circuit Court of Maryland for Montgomery County, who presided over his criminal proceedings. *See Enow v. Judge Steven G. Salant*, PWG-15-2602.

court. The *Rooker–Feldman* doctrine warrants abstention in this case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld,* 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp*. 434 F.3d 712, 719 (4th Cir. 2006)). For these reasons, I will dismiss Case No. PWG-15-2598.

### Case No. PWG-15-3004

In Case No. PWG-15-3004, another *pro se* pleading that Enow filed, Enow seeks documents under the Freedom of Information Act, 5 U.S.C. § 552. ECF No. 1. Specifically, he requests "a response on the following Civil Actions and assigned case numbers on matters that were filed in your office on or about 09/01/2015." Federal courts are not "agencies" from which Freedom of Information Act material may be obtained. *See* 5 U.S.C. § 551(1)(B); *see also Warth v. Department of Justice*, 595 F. 2d. 521, 523 (9th Cir. 1979). Therefore, the request for documents under the Freedom of Information Act will be denied. *See* 5 U.S.C. § 551(1)(B). In any event, to the extent that Enow sought an update on the status of the cases he filed in September, he now should have received memoranda and orders with regard to each of those cases.

### Future Filings

Enow may challenge his state conviction by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. But, he first must exhaust his claims before the state courts before

filing a § 2254 petition for federal habeas relief. Enow was sent a forms and instructions packet for filing a § 2254 petition with the order and memorandum issued in *Enow v Judge Salant*, PWG-15-2602.

Enow is strongly cautioned that "the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas* v. *Fulton,* 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18). One means of limiting access is a pre-filing injunction, which is a "drastic remedy" that courts only should impose "sparingly," but it may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted). When determining whether to employ a pre-filing review system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether he has filed vexatious harassing, or duplicative lawsuits"; (2) whether the party files his cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) if alternative sanctions are adequate. *Id.* at 818. The injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.*

It is significant that all of Enow's six federal cases relate to the same state court case that cannot be appealed in federal court. Enow has yet to state a claim, and all of his cases now have been dismissed. He has burdened the employees of the Clerk's Office who are required to process his repetitive filings. Because five of Enow's cases were filed simultaneously and the sixth case was filed before Enow knew the outcome of his previous cases, a pre-filing injunction is not appropriate at this time. Yet, should Enow continue to file meritless cases, a pre-filing

5

injunction may be necessary to limit the ability of Mr. Enow to file further lawsuits relating to the events that underlie the six separate, frivolous cases he has filed. Such an injunction would direct the Clerk: (1) not to accept for filing any further complaints or papers filed by Enow that arise out of or relate to the events that underlie Enow's six cases, unless the undersigned certifies that the complaint or papers are filed in good faith and not for any improper purpose, and that they have a colorable basis in law and fact; (2) to return to Enow, under judicial signature, all screened complaints or other papers submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to Enow and re-filed in the Court.

### In Forma Pauperis Status

A prisoner litigant will not be granted in forma pauperis status if he has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Enow filed five cases at once, his requests to proceed in forma pauperis have been granted. As they all have been dismissed for failure to state a claim upon which relief may be granted, the Clerk shall be directed to note a "strike" on the docket. This will constitute Enow's first strike under § 1915(g).

### ORDER

Accordingly, it is, this 9th day of October, 2015, hereby ORDERED that

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) in PWG-15-2598 IS GRANTED;

2. Case No. PWG-15-2598 IS DISMISSED;

3. Case No. PWG-15-3004 IS DISMISSED;

6

4. The Clerk SHALL CLOSE Case Nos. PWG-15-2598 and PWG-15-3004; and

5. The Clerk SHALL SEND a copy of this Order and Memorandum Opinion to Plaintiff.

_____/S/_____
Paul W. Grimm
United States District Judge